UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HRACHYA SAKOYAN,<br><br>　　　　　　　　　Petitioner,<br><br>　v.<br><br>KRISTI NOEM, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 25-cv-03406-BAS-MSB<br><br>**ORDER:**<br><br>**(1) REQUIRING THE GOVERNMENT TO RESPOND TO PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1);**<br><br>**(2) SETTING HEARING ON PETITION; AND**<br><br>**(3) GRANTING MOTION TO SEAL (ECF No. 4)** |

　　　Petitioner Hrachya Sakoyan filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In his Petition, Petitioner claims that he is being detained by Immigration and Customs Enforcement ("ICE") in violation of immigration laws and *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.*) In addition, Petitioner filed a Motion to Seal Exhibit A to his Petition. (ECF No. 4.)

　　　Having reviewed the Petition, the Court finds summary dismissal is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary

dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false."). Therefore, the Court will order the Government to respond to the Petition.

Further, the Court finds it appropriate to seal the requested information. A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). If the filing meets this requirement, the "compelling reasons" standard applies. *Id.* Here, because Exhibit A is part of the Petition, the relevant court filing is "more than tangentially related to the merits of the case." *See id.* Even so, the Court finds compelling reasons exist to seal the exhibit, as it reveals sensitive information about Petitioner's claim for withholding of removal and the basis of persecution. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1096 (E.D. Cal. 2025) (sealing similar information concerning an asylum application).

Accordingly, the Court **ORDERS** as follows:

1. The Government must file a response to the Petition no later than **December 12, 2025**. The Government's response must address the allegations in the Petition and must include any documents relevant to the determination of the issues raised in the Petition.

2. Petitioner may file a reply in support of his Petition no later than **December 19, 2025**.

3. The parties must appear in Courtroom 12B on **January 16, 2026**, at **2:30 p.m.** for a hearing on the Petition.

4. The Court confirms appointment of Federal Defenders of San Diego, Inc., as counsel for Petitioner under Chief Judge Order No. 134 (S.D. Cal. Nov. 18, 2025).

5. The Court **GRANTS** the Motion to Seal (ECF No. 4). The Clerk of Court shall <u>accept and file under seal</u> Exhibit A to the Petition (ECF No. 5).

6. <u>The Clerk of Court shall provide the Civil Division of the U.S. Attorney's Office with a copy of the Petition (ECF No. 1) and this Order.</u>

**IT IS SO ORDERED.**

**DATED: December 4, 2025**

**Hon. Cynthia Bashant, Chief Judge
United States District Court**